UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br> v. <br><br> **THY XUAN HO**, a/k/a/ Brandon Lee, individually, also doing business as MyCuteLens.com, <br><br> Defendant. | CIVIL ACTION NO. |

## COMPLAINT FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER RELIEF

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges that:

1.  Plaintiff brings this action under Sections 9(a) and 9(b) of the Fairness to Contact Lens Consumers Act ("FCLCA"), 15 U.S.C. §§ 7608(a) and (b), and Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b, to obtain monetary civil penalties, a permanent injunction, and other equitable relief for Defendant's violations of the Contact Lens Rule ("Rule"), 16 C.F.R. Part 315.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a) and (m)(1)(A), 53(b), 56(a), and 7608(a).

3.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1395(a), and 15 U.S.C. § 53(b).

## DEFINITIONS

4.      For purposes of this Complaint, the terms "contact lens," "contact lens prescription," "direct communication," and "prescriber" are defined as those terms are defined in Section 315.2 of the Rule, 16 C.F.R. § 315.2.

## THE CONTACT LENS RULE

5.      Congress enacted the FCLCA, 15 U.S.C. §§ 7601-7610, in 2003. The FCLCA directed the FTC to promulgate a trade regulation rule implementing the FCLCA. The Commission promulgated the Rule, 16 C.F.R. Part 315, on July 2, 2004, pursuant to Section 8 of the FCLCA, 15 U.S.C. § 7607, and Section 553 of the Administrative Procedure Act, 5 U.S.C. § 553. The Rule went into effect on August 2, 2004.

6.      On November 9, 2005, Congress amended the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301-399, to state that all contact lenses, including non-corrective, decorative ("plano") contact lenses, are restricted medical devices. 21 U.S.C. § 360j(n). Consequently, the Rule applies to both corrective and plano contact lenses.

7.      Under the Rule, contact lens sellers may sell contact lenses only in accordance with a contact lens prescription for the patient that is either presented to the seller or verified by direct communication with the prescriber. 16 C.F.R. § 315.5(a).

8.      The Rule further requires contact lens sellers to maintain records of the

contact lens prescriptions presented to the seller, the seller's verification requests, and direct communications from prescribers 16 C.F.R. § 315.5(f).

9.  Pursuant to Section 9(a) of the FCLCA, 15 U.S.C. § 7608(a), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice, in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

## DEFENDANT

10.  Defendant Thy Xuan Ho owns and does business through his website at www.mycutelens.com. His principal place of business is 97 Belmar St., Saint Cloud, MN, 56301. At all times material to this Complaint, Defendant has advertised, marketed, distributed, or sold decorative, non-corrective ("plano") contact lenses, including circle lenses that are designed to make the eyes appear larger, to consumers through the www.mycutelens.com website. Defendant resides in this district and, in connection with the matters alleged herein, transacts, or has transacted, business in this district.

11.  At all times material to this Complaint, individually, or in concert with others, Defendant has formulated, directed, controlled and participated in the acts and practices set forth in this Complaint.

## COMMERCE

12.  The acts and practices of Defendant alleged in this Complaint have been in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANT'S COURSE OF CONDUCT**

13.     Since at least September 2009, Defendant has advertised and sold plano contact lenses, including circle lenses, to consumers through his website, www.mycutelens.com.

14.     Defendant has sold plano contact lenses, including circle lenses, to consumers without obtaining the consumers' contact lens prescription or verifying the prescription by direct communication with the prescriber.

15.     Defendant has failed to maintain records of the consumers' contact lens prescriptions, Defendant's verification requests, or Defendant's direct communications from the contact lens prescribers.

**DEFENDANT'S VIOLATIONS OF THE CONTACT LENS RULE**

16.     In numerous instances, in connection with the advertising and sale of plano contact lenses, including circle lenses, Defendant has sold such contact lenses to consumers without obtaining the consumers' contact lens prescription or verifying the prescription by direct communication with the prescriber.  Therefore, Defendant has violated Section 315.5(a) of the Contact Lens Rule, 16 C.F.R. § 315.5(a).

17.     In numerous instances, in connection with the advertising and sale of plano contact lenses, including circle lenses, Defendant has failed to maintain records of the consumers' contact lens prescriptions, the Defendant's verification requests, and Defendant's direct communications from the contact lens prescribers.  Therefore, Defendant has violated Section 315.5(f) of the Contact Lens Rule, 16 C.F.R. § 315.5(f).

## DEFENDANT'S VIOLATIONS OF THE FTC ACT

18.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

19.     Pursuant to Section 9(a) of the FCLCA, 15 U.S.C. § 7608(a), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice, in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

20.     By and through the acts and practices described in Paragraphs 16-17 above, Defendant has violated Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

## THE COURT'S POWER TO GRANT RELIEF

21.     Defendant has violated the Rule as described above with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

22.     Each sale of plano contact lenses, including circle lenses, that was completed from September 2009 through the filing of this Complaint, and each failure to maintain records for such sales, that violates the Rule in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

23.     Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, and Section 1.98(d) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(d), authorize this Court to award monetary civil penalties of not more than $11,000 for each such

violation of the Rule prior to February 10, 2009 and $16,000 for each such violation of the Rule on or after February 10, 2009.

24.    Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction against Defendant's violations of the FTC Act, as well as such ancillary relief as may be just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 57b, and the Court's own equitable powers, requests that the Court:

(1)    Enter a permanent injunction to prevent future violations of the FTC Act and the Contact Lens Rule by the Defendant;

(2)    Award Plaintiff monetary civil penalties from Defendant for each violation of the Rule alleged in this complaint; and

(3)    Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

| FOR THE UNITED STATES OF AMERICA: | FOR THE FEDERAL TRADE COMMISSION: |
|---|---|
| TONY WEST<br>Assistant Attorney General<br>Civil Division<br>United States Department of Justice | SYDNEY KNIGHT<br>Attorney<br>Federal Trade Commission<br>601 New Jersey Avenue, N.W.<br>Room NJ-3255<br>Washington, D.C.  20580 |
| B. TODD JONES<br>United States Attorney<br>District of Minnesota | |

   s/ David W. Fuller
BY: DAVID W. FULLER
Assistant United States Attorney
District of Minnesota
600 U.S. Courthouse
300 S. Fourth St.
Minneapolis, MN 55415
Phone:  612-664-5600


MAAME EWUSI-MENSAH FRIMPONG
Acting Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director
Consumer Protection Branch

KENNETH L. JOST
Deputy Director
Consumer Protection Branch

   s/ Alan Phelps
ALAN PHELPS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, D.C. 20044
Phone:  202-307-6154
alan.phelps@usdoj.gov